UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER J. MUNOZ, | Case No. 2:13-CV-1269 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendant(s). | |

Presently before the court are *pro se* petitioner Peter Munoz, Jr.'s (hereinafter "petitioner") motion to reconsider judgment, (doc. # 9), and motion for extension of time, (doc. # 10).

**I.   Background**

On July 17, 2013, petitioner filed a collection of documents with the court attempting to appeal his conviction entered in the Supreme Court of Nevada. (Doc. # 1). On April 16, 2014, the clerk noted on the docket that dismissal in this case would be appropriate pursuant to Local Rule 41-1 due to inactivity for at least 270 days. LR 41-1. On April 22, 2014, Magistrate Judge Ferenbach ordered petitioner to pay the $350 required filing fee or make an appropriate application to the court regarding the filing fee requirement in the case. (Doc. # 2). The magistrate judge warned that failure to comply with the order would result in a report and recommendation that the action should be dismissed. (Doc. # 2).

On May 19, 2014, petitioner filed an application to proceed *in forma pauperis*. (Doc. # 3). On June 5, 2014, the magistrate judge granted petitioner's application to proceed *in forma*

**James C. Mahan**
**U.S. District Judge**

*pauperis* but recommended that petitioner's complaint be dismissed with prejudice on the grounds that it seeks review of a decision by the Supreme Court of Nevada. (Doc. # 4). Pursuant to local rules IB 3-1 and IB 3-2, the magistrate judge noted that objections must be filed in writing within fourteen days. LR IB 3-1, 3-2.

On August 1, 2013, the court adopted Magistrate Judge Ferenbach's report and recommendation in its entirety, dismissing the action with prejudice. (Doc. # 6). On August 13, 2014, petitioner filed a motion to reconsider judgment, (doc. # 9), and motion to extend time, (doc. # 10). On the same date, petitioner also filed a notice of change of address, (doc. # 8), and an objection to the report and recommendation, (doc. # 11).

**II.   Legal Standard**

*A.  Motion to Reconsider*

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

*B.  Motion for Extension of Time*

Federal Rule of Civil Procedure 6(b) and local rule 6-1 provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b); LR 6-1. The Supreme Court has set forth four factors that a court must take into account in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

*A. Motion to Reconsider*

Petitioner asks the court to reconsider any judgment made in this case between March and July 2014. Petitioner states that during that period of time, he was hospitalized twice, forced to undergo an amputation of his leg, and had to move apartments, causing receipt of his mail to be interrupted. (Doc. # 9).

While petitioner's circumstances are unfortunate, they do not warrant reconsideration under the requisite legal standard. Petitioner has failed to show any newly discovered evidence and has not demonstrated an intervening change in controlling law. Further, petitioner cannot show that the court committed clear error.

"[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). As a result, petitioner also cannot show that the court's judgment was "manifestly unjust." In light of petitioner's claims, any opposition filed would not have changed the result in this case. At this stage, petitioner's only source of review is the United States Supreme Court.

For these reasons, the court will deny the motion to reconsider judgment.

*B. Motion for Extension of Time*

Petitioner asks the court to grant an extension of thirty to sixty days to respond in light of his disability. (Doc. # 10). However, the time to file objections to the report and recommendation in this case passed over two months before the petitioner filed the instant motions. While petitioner's illness presents a compelling reason for his inability to respond, the court finds that an extension of time is not warranted because the motion to reconsider will be denied. Because the court does not possess jurisdiction to review any state court judgment, an extension of time for further filings is not warranted.

Accordingly, the motion for extension of time will be denied as moot.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV.   Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that *pro se* petitioner Peter Munoz Jr.'s motion to reconsider judgment, (doc. # 9), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion for an extension of time, (doc. # 10), be, and the same hereby is, DENIED as moot.

DATED August 20, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -